**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Julia Stafani France, Skylar Stephen Wilson, | Case No. 2:26-cv-00213-APG-DJA |
| Plaintiffs, | **Order** |
| v. | |
| Matthew Kravetz; Andrew Buckland; Clark County, Nevada, | |
| Defendants. | |

Pro se Plaintiff Skylar Stephen Wilson has filed an application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 1). However, Wilson's application appears to be missing certain information. France has not filed an application. The Court therefore denies Wilson's application without prejudice, will require Wilson to file a renewed application, and will require France to file a separate application. Alternatively, France and Wilson may pay the filing fee.

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940

(9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application). Additionally, "although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for [*in forma pauperis*] status." *Anderson v. California*, No. 10-cv-2216-MMA-AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) (emphasis added). Pursuant to 28 U.S.C. § 1915(a), a party seeking to proceed *in forma pauperis* must submit an affidavit declaring that "the person is unable to pay" Court costs.

On his application, Wilson claims to have received $6,000.00 in gifts during the past twelve months. Otherwise, Wilson claims to have no income, to not be employed, to have no cash or assets, and to pay $200.00 per month for food but have no other bills. Wilson asserts that all of his funds are held up in probate court, but Wilson provides no further explanation. On the docket, Wilson includes an address. Public records reveal that the address is within an apartment or condominium complex. However, Wilson does not explain whether he pays rent or a mortgage, if he pays utilities or other bills, or how he lives considering his claim to make no money and to have no bills other than food. Without this information, the Court cannot determine whether Wilson qualifies for *in forma pauperis* status. The Court will therefore deny Wilson's application without prejudice and give Wilson another opportunity to file a complete *in forma pauperis* application that answers these questions. Additionally, France is also listed as a Plaintiff. However, France did not submit an application to proceed *in forma pauperis* listing her

income and expenses.  If France wishes to proceed as a plaintiff in this action, she must file a separate, complete application to proceed *in forma pauperis*.  Wilson and France may alternatively pay the filing fee in full.  Since the Court denies Wilson's application, and because France has not filed one, the Court does not screen the complaint at this time.

Finally, France and Wilson have each moved to file electronically.  (ECF No. 4) (France); (ECF No. 6) (Wilson).  Wilson has not signed his motion as required by Federal Rule of Civil Procedure 11(a).  So, the Court denies Wilson's motion without prejudice and with leave to re-file.  The Court grants France's motion.

**IT IS THEREFORE ORDERED** that Wilson's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Wilson and France have until **April 13, 2026,** to each file separate applications to proceed *in forma pauperis*[1] or to pay the filing fee.  **Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.**

**IT IS FURTHER ORDERED** that Wilson's motion to file electronically (ECF No. 6) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that France's motion to file electronically (ECF No. 4) is **granted.**

**IT IS FURTHER ORDERED** that France must: (1) obtain a PACER account; (2) be familiar with the Local Rules for the Electronic Filing procedures in the District of Nevada; and (3) complete the e-filing registration for the District of Nevada through Manage PACER Account. Links to these items are available at https://www.nvd.uscourts.gov/e-filing-permission/.

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 239.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Wilson and France a copy of this order.

DATED: March 13, 2026,

_____

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE